IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CLEARONE ADVANTAGE, LLC,** | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. JKB-23-03446 |
| **MICHAEL H. KERSEN, *et al.*,** | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff ClearOne Advantage, LLC's Motion for Leave to Serve Expedited Discovery (ECF No. 17), and its Motion for Expedited Entry of Confidentiality Order (ECF No. 20).

### I. Expedited Discovery Motion

Federal Rule of Civil Procedure 26(d) allows a court to order expedited discovery before the parties have engaged in the discovery conference mandated by Rule 26(f). *Courthouse News Serv. v. Harris*, Civ. No. 22-548, 2022 WL 3577255, at *4 (D. Md. Aug. 18, 2022).

District courts have broad discretion in deciding whether to grant a discovery order. *Stone v. Trump*, 356 F. Supp. 3d 505, 513 (D. Md. 2018). In the expedited discovery context, courts "have adopted a reasonableness standard, . . . determining whether the request is supported by good cause, considering the totality of the circumstances." *Brightview Grp., LP v. Teeters*, Civ. No. SAG-19-2774, 2019 WL 11660174, at *1 (D. Md. Nov. 6, 2019). Relevant factors include:

1. whether a motion for preliminary injunction is pending;

2. the breadth of the requested expedited discovery;

3. the reasons the moving party is requesting expedited discovery;

4. the burden on the opponent to comply with the request for expedited discovery;

5. whether the information sought expeditiously could be obtained more efficiently from some other source;

6. the extent to which the discovery process would be expedited; and

7. whether a motion to dismiss for failure to state a claim is pending.

*Courthouse News*, 2022 WL 3577255, at *4 (citing *Mullane v. Almon*, 339 F.R.D. 659, 662 (N.D. Fla. 2021)).

Here, all factors cut in favor of expedited discovery. A preliminary injunction motion is pending and a hearing has been scheduled. (ECF Nos. 3, 23.) The discovery sought is limited to contact information for the Defendants (one of whom has still not been located) and to facts directly relevant to the preliminary injunction motion. Plaintiff does not appear to be pursuing this motion in bad faith, and the burden on the Defendants is minimal because the discovery is sought against third parties. Further, Plaintiff has averred that the information cannot be obtained more efficiently elsewhere and that discovery will be expedited, and the Court notes that no motion to dismiss is pending.

Finally, the Court notes that Defendant Lamar Gilmore has still not been served, despite Plaintiff's attempts to locate him. Although ex parte discovery is disfavored, courts in this District have been willing to grant such discovery on a limited basis for the purpose of allowing a plaintiff to find and serve a defendant whose identity or location is unknown. *See, e.g., Malibu Media, LLC v. Doe*, Civ. No. PWG-13-365, 2014 WL 7188822, at *6–7 (D. Md. Dec. 16, 2014); *Strike 3 Holdings, LLC v. Doe*, Civ. No. BAH-23-3473, 2024 WL 229605, at *1 (D. Md. Jan. 22, 2024).

For these reasons, the Court concludes that limited expedited discovery is appropriate in this case, and accordingly Plaintiff's Motion will be granted.

## II. Confidentiality Order Motion

Plaintiff asks the Court to enter an Order governing the confidentiality of certain documents and information produced in discovery. (ECF No. 20). Federal Rule of Civil Procedure 26(d)(G) permits a court to enter a confidentiality order for the purpose of protecting trade secrets or other confidential information. However, Plaintiff has not cited to, nor is the Court is aware of, any authority providing for the Court to issue such an order ex parte. Such orders are typically entered by consent or stipulation. Because experience has taught that confidentiality issues in litigation are best resolved by agreement between the parties when possible, the Court will deny Plaintiff's Motion for Expedited Entry of Confidentiality Order without prejudice. Plaintiff may re-file the Motion after both Defendants have been served and after all parties have had a chance to confer on confidentiality protocols.

## III. Conclusion

For the reasons stated above, it is hereby ORDERED:

1. Plaintiff's Motion for Leave to Serve Expedited Discovery (ECF No. 17) is GRANTED. Plaintiff is granted leave to serve expedited discovery in the form of document subpoenas as described in Plaintiff's Motion on: (a) TriPoint Lending, LLC; (b) Alleviate Financial Solutions, LLC; and (c) Forth, Inc.

2. Plaintiff's Motion for Expedited Entry of Confidentiality Oder (ECF No. 20) is DENIED WITHOUT PREJUDICE.

DATED this __24th__ day of January, 2024.

BY THE COURT:

__/S/  JAMES K. BREDAR__
James K. Bredar
Chief Judge